## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF NEW YORK
### CHAMBERS OF THE BANKRUPTCY JUDGE

**HON. STEPHEN D. GERLING**
CHIEF U.S. BANKRUPTCY JUDGE

220 U.S. COURTHOUSE
UTICA, NEW YORK 13501
(315) 793-8111
FAX: 793-8792

Gerald Orseck, Esq.
ORSECK LAW OFFICES, PLLC
Attorneys for Debtor
1924 State Route 52
P.O. Box 469
Liberty, NY 12754

Amy F. Quandt, Esq.
Trial Attorney, Office of U.S. Trustee
10 Broad St.
Utica, NY 13501

RE:   NOETH CORP.
      CASE NO. 06-62251
      Chapter 11

### LETTER DECISION and ORDER

Before the Court for consideration is the Application for Final Compensation ("Fee Application") under § 330 of U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), filed by the Orseck Law Offices ("Orseck"), as counsel for Noeth Corporation ("Debtor"), on December 27, 2007. The Fee Application came on for a hearing before the Court on January 22, 2008. An Objection to the Fee Application was filed by the United States Trustee ("UST") on January 16, 2008. At the hearing held on January 22, 2008, Gerald Orseck, Esq. appeared in support of the Fee Application and Amy Quandt, Esq., Trial Attorney in the Office of the UST, appeared in opposition.

The Fee Application covers the period September 12, 2006 through January 22, 2008 and seeks a fee of $45,100 and expense reimbursement of $2,612.48. At the January 22nd hearing,

2

the Court made a partial award of fees in the sum of $37,100 and full reimbursement of expenses in the sum of $2,612.48. An Order to that effect was signed on January 23, 2008.

At issue is the UST's objection to $3,075 of the fee covering the period September 12, 2006 through September 17, 2006, which she contends was prior to Orseck's appointment.[1] In addition, the UST objects to Orseck billing its travel time at two-thirds of its hourly rate, the fees sought for preparation of the Fee Application, as well as fees for "administrative and clerical tasks," which the UST contends should be considered part of office overhead.

In a general response, Orseck notes that the Fee Application "in this case is understated and undervalued." Orseck then goes on to assert that it regularly bills its non-bankruptcy clients at a much higher hourly rate. *See* Reply of Gerald Orseck to U.S.Trustee's Objections to Application, dated January 17, 2008 at ¶ 1.a. Orseck contends that the 180.4 hours devoted to this case were modest, pointing out that a less experienced firm would have easily consumed 200+ hours in representation of the Debtor. Orseck points out that it has not billed for any number of its services, and that given the "highly successful outcome of this case, coupled with an hourly fee ($250 per hour) less than that customarily and regularly charged," the Court should grant a fee enhancement. *Id*. at ¶¶ 1d. and e.

As for the UST's specific objections, Orseck details the services rendered to the Debtor pre-petition, asserting that the 12.3 hours expended were "unquestionably necessary services." *Id*. at ¶ 2.a. As for the UST's objection to Orseck's billing travel time at two-thirds its hourly rate, it argues that during Gerald Orseck, Esq.'s trips from Liberty, New York, to Court

---

[1] This period actually pre-dated the filing of the Debtor's Chapter 11 case on September 18, 2006.

3

appearances in either Utica or Binghamton, New York, he was discussing the case with the client and/or preparing the client for hearings. Orseck also notes that it believes that the UST made a computational error in calculating travel time.

Turning to the time consumed in preparing its Fee Application, Orseck points out that it reached a consensual arrangement with the UST to reduce its Fee Application by $522 in acknowledgment of this Court's limiting fees for the preparation of fee applications to not more than 3% of the total fee requested.[2] Finally, Orseck argues that the UST is "nitpicking" in objecting to some $400 in fees for alleged clerical work, which involved preparing and electronically filing affidavits of service and other similar documents.

With regard to the time period of September 12, 2006 through September 17, 2006, as indicated, this period is not only prior to the appointment of the Orseck firm, but it also predates the actual filing of the Chapter 11 case. It is this Court's view that absent a prepetition retainer, a professional cannot be compensated out of property of the estate for services rendered by that professional pre-petition. *See, generally, In re Hasset, Ltd.*, 283 B.R. 376, 378 (Bankr. E.D.N.Y. 2002). Here Orseck acknowledges that it did not receive a prepetition retainer in any amount. Thus, the Court concludes that the 12.3 hours expended between September 12th and September 17, 2006 cannot be compensated from property of this estate, and the Court will disallow $3,075 of the requested fee.[3]

---

[2] The UST acknowledges such a consensual arrangement in her Objection to the Application.

[3] At least one court has stated that a prepetition fee agreement for which no retainer was paid may give rise to a prepetition debt. *See In re Pasco*, 220 B.R. 119, 122 (Bankr. D. Colo. 1998). *Pasco* was a chapter 7 case in which the court concluded that the debt was ultimately dischargeable unless the court approved a reaffirmation agreement between the debtor and

4

Turning to the travel time dispute, it is the UST's position that at least in this District, the Court will not approve compensation for time spent traveling to and from Court proceedings at greater than one-half the professional's hourly rate. Orseck counters that during this travel time it was accompanied by its client and was both discussing the case and preparing the client for hearings. It also notes that in the Southern District of New York, where it typically practices, the bankruptcy court routinely approves travel time at two-thirds the hourly rate. Orseck points out that it did not charge for mileage or other travel expenses. Finally, it contends that even utilizing the one-half hourly rate, the amount of disallowance should be approximately $1,800 to $1,900, not the $2,475 calculated by the UST.[4]

This Court has previously held that travel time is compensable at one-half the professional's normal hourly rate absent a showing that actual services were being rendered during travel. *See In re Bennett Funding Group, Inc.,* 213 B.R. 234, 251 (Bankr. N.D.N.Y.1997). While the Court has no reason to doubt Orseck's contention that its travel time was put to good use counseling its client and preparing it for hearings, the Court notes in reviewing Orseck's contemporaneous time records (*see* Exhibit A attached to the Fee Application) that it appears that on only two occasions did Orseck's clients accompany Gerald Orseck, Esq. to hearings in Binghamton or Utica - namely, on October 4, 2006, and on October 25, 2006. Accordingly, on those two occasions only the Court will allow travel time at two-thirds of Orseck's hourly rate and will reduce the Fee Application by $1,925.

---

counsel, which the court declined to do.

[4] The Court has reviewed the UST's computation of travel time at one-half Orseck's hourly rate and finds it to be correct.

5

The UST also objects to what she refers to as "administrative and clerical tasks," contending that these types of services identified in her Objection are typically considered to be part of "office overhead," which is already accounted for in the professional's hourly rate. Orseck responds that the UST misunderstands the content of an entry such as "affidavit of service filed" and/or "electronically filed," asserting that such entries are simply a continuation of services performed by an attorney. This Court has consistently declined to compensate similar services at the professional's hourly rate. *See Bennett Funding Group*, 213 B.R. at 246-248. Thus, the Court will disallow 1.6 hours or $400.

Finally, Orseck contends that it fees should be enhanced given the "highly successful outcome of this case coupled with an hourly fee ($250) less than that customarily and regularly charged by the undersigned." The Court would point out that fee enhancements are not the norm in this Circuit. *See In re Tyson,* Case No. 03-41900, 2005 WL 3789356, at *4 (Bankr. S.D.N.Y. June 3, 2005), citing *Blum v. Stenson,* 465 U.S. 886, 899 (1984) (requiring "specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was exceptional"). Obviously, the success of the Chapter 11 case is a factor to be considered in any fee enhancement analysis, as is the fact that Orseck did not receive any retainer, thus putting the risk of its nonpayment squarely before the Court.[5] As for Orseck's contention that it billed Gerald Orseck's time at a reduced hourly rate, that was its choice. The Court did not require it; nevertheless, it is a fact that the Court can

---

[5] In his Affidavit, submitted in support of the Debtor's Application for Order Approving Employment of General Counsel, Gerald Orseck indicates that the firm did not seek any retainer because he was confident that in the course of the case Debtor's assets would be sold through a liquidating plan generating enough money to pay all creditors with a sufficient surplus to pay counsel fees. *See* Affidavit of Gerald Orseck, sworn to October 5, 2006 at ¶ 7.

Case 06-62251-6-dd    Doc 272    Filed 04/24/08    Entered 04/24/08 11:40:16    Desc Main
                Document      Page 6 of 7

6

consider at the appropriate time.

While Orseck has styled its Fee Application as one for "Final Compensation" and has in fact included 14.5 hours of "Future Pre-Confirmation Services," the Court assumes that it will want to perhaps "adjust" those hours once the case actually proceeds through the confirmation process. At the conclusion of that process, the Court will be in a better position to evaluate a fee enhancement. Accordingly the Court will not pass upon Orseck's request for a fee enhancement at this time.

The Court will award Orseck, in addition to the fees approved in the Order dated January 23, 2008, $2,078 in fees at this time without prejudice to the filing of a further fee application once the plan confirmation process pursuant to Code § 1129(a) is complete.[6]

IT IS SO ORDERED

---

[6] The award made herein is calculated as follows:

| | |
|---|---:|
| Fee Requested: | $45,100 |
| Adjustments: | |
| Preparation of Fee Application | (522) |
| Prepetition services | (3,075) |
| Travel time | (1,925) |
| Administrative and clerical | (400) |
| Total fees disallowed | (5,922) |
| Total fee allowed | $39,178 |
| Total fee previously awarded | $37,100 |
| Balance due | $ 2,078 |

7

Dated at Utica, New York

this 24th day of April 2008

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge